IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEIZENG LIU, | : Civ. No. 1:24-CV-324 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| THE GRIER SCHOOL, d/b/a GRIER SCHOOL, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us for consideration of a motion to dismiss filed by the defendant, The Grier School ("Grier"). (Doc. 6). The plaintiff, Weizeng Liu, filed this action alleging breach of contract and intentional infliction of emotional distress and requested punitive damages. (Doc. 1). The complaint alleges that Liu was dismissed from Grier in violation of the school's own policy, under false pretenses, in a manner that intentionally inflicted severe emotional distress upon Liu, all inspired by evil motives and/or reckless indifference to Liu's rights, and requests punitive damages for these alleged actions. (*Id.*). Additionally, Liu

alleges a breach of contract claim; specifically, that Grier failed to issue certain refunds due to Liu pursuant to the enrollment contract. (*Id.*).

Grier has moved to dismiss the complaint alleging, *inter alia*, that venue is improper due to a forum selection clause in the enrollment contract limiting all litigation to courts in Huntingdon County, Pennsylvania. (Doc. 6).

The motion is fully briefed and ripe for resolution. (Docs. 6, 8). After consideration, the defendant's motion will be granted.

## II. Background

Liu, a citizen of the People's Republic of China, applied for admission into Grier in January of 2023. (Doc. 1 ¶ 7). Grier is a private all-girls boarding school. (*Id.* ¶ 6). According to her attorney at that time, Liu was living in California at the time of her application and was a California resident. (Doc. 6 at 39, Exhibit 3).

Liu was granted admission to Grier in March of 2023. (Doc. 1 ¶ 8). In April, her mother signed parental permission forms, liability waivers regarding the equestrian program, and an international enrollment contract ("IEC"). (*Id.* ¶¶ 12-13). These documents contained, *inter alia*, provisions relating to refund of tuition if a student was dismissed mid-

2

term. (*Id.* ¶ 17). The IEC also contains a provision designating "the jurisdiction of the Courts of Huntingdon County shall apply as to all disputes or interpretations arising under the terms of this . . . contract". (Doc. 6 at 40-42, Exhibit 4).

By August of 2023, Liu (or her family) had tendered $53,592.50 in tuition and fees to Grier. (Doc. 1 ¶ 15). On August 26, 2023, Liu moved from California to Pennsylvania to attend Grier, and classes began on or about that same date. (*Id.* ¶ 18). Shortly thereafter, on September 10, 2023, Liu's mother received a letter described as "final warning before expulsion." (*Id.* ¶ 22). This letter detailed a series of alleged violations of Grier's internal rules and relegations by Liu and stated that Liu was at risk of expulsion if the violations were not addressed. (*Id.*).

On September 22, 2023, Liu was notified by Grier that she had been accused by another student of sexual assault. (Doc. 1 ¶ 28). Liu was confronted by members of Grier's administration, informed that she had been expelled, and given 24 hours to vacate the campus. (*Id.* ¶ 31). After this meeting, Liu was detained for four hours while administration searched her dorm room. (*Id.* ¶¶ 32-33). The search revealed Liu's passport, which sparked a confrontation between Grier officials and Liu

3

during which Liu was accused of lying about her age and her gender. (*Id.* ¶¶ 33-35). Liu explained that she identifies "as a girl" and had "papers" from a doctor discussing her gender identity and gender transition. (*Id.* ¶ 35). Geoffrey Grier, the school's director, allegedly threatened Liu by threatening to call Immigration and Customs Enforcement ("ICE") if she did not leave the school immediately. (*Id.* ¶ 37). According to the complaint, Liu's mother attempted to contact Grier officials as many as 30 times but was unsuccessful. (*Id.* ¶ 36).

Liu vacated the campus within 24 hours and relocated to a hotel, where she stayed for 46 nights, until November 6, 2023. (Doc. 1 ¶ 51). At that time, she leased an apartment in Centre County, Pennsylvania, where she resided as of the filing of this suit on February 21, 2024. (*Id.* ¶¶ 4, 52). Liu asserts this is a temporary address and that she was a California resident at all times pertinent to this action. (*Id.* ¶ 4).

In her complaint, Liu alleges that Grier's failure to repay a portion of her tuition was a breach of contract and claims damages in the form of tuition reimbursement and out-of-pocket moving expenses. (Doc. 1 ¶ 57). Liu also asserts a claim for intentional infliction of emotional distress, alleging that Grier accused her of sexual assault as a pretext to expel her

4

for her gender identity, detained her, and threatened to call ICE despite Liu being lawfully present in the United States. (*Id.* ¶ 60). Liu's complaint also requests punitive damages, alleging evil motive or reckless indifference by Grier. (*Id.* ¶ 68).

Grier has now moved for the claims to be dismissed on the grounds that, *inter alia*, the forum selection clause in the IEC demands that all litigation pursuant to the IEC take place in state court in Huntingdon County, Pennsylvania. (Doc. 6). This motion is fully briefed and ripe for resolution. (Docs. 6, 8). After consideration, the motion will be granted, and the case dismissed without prejudice on grounds of improper venue.[1]

## III. Discussion

### A. Motion to Dismiss for Improper Venue – Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, arguing that venue is improper because the IEC contains a valid forum selection clause designating the courts of Huntingdon County as the sole venue for claims arising out of the IEC. A defendant asserting a challenge under

---

[1] Because we are dismissing the complaint based on improper venue, we decline to address the defendant's remaining arguments.

Rule 12(b)(3) bears the burden of showing that venue is improper. *Bockman v. First American Marketing Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012). A plaintiff "is entitled to rely on the allegations of the complaint[,]" and the court must accept those allegations as true for purposes of a motion to dismiss for improper venue. *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005). If the court determines that venue is improper, it must either dismiss the action or transfer to a proper forum. *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007).

### B. The Defendant's Motion to Dismiss for Improper Venue will be Granted.

After consideration, we conclude that this case must be dismissed due to improper venue.[2] As we will discuss, the IEC contains a valid, enforceable forum selection clause designating the proper venue as the courts of Huntingdon County. As such, we will dismiss this action without prejudice to the plaintiff filing this action in the proper venue.

---

[2] Although personal jurisdiction is typically considered before issues of venue, it is within our discretion to decide the latter first where there is "sound prudential justification for doing so." *Leroy v. Great Western United Corp*, 443 U.S. 173, 180 (1979).

1. <u>The Provision at Issue is a Valid Forum Selection Clause.</u>

Forum selection clauses in contracts are "treated as a manifestation of the parties' preferences as to a convenient forum," and such agreements are "entitled to substantial consideration." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995); *see Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006) ("Forum selection clauses are entitled to great weight, and are presumptively valid."). Thus, while courts typically give deference to the plaintiff's choice of forum, "such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Id.* (citations omitted).

A valid forum selection clause should be enforced absent a showing that enforcement is "'unreasonable' under the circumstances." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S/ Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). The party objecting to the enforcement of the clause may show that enforcement would be unreasonable because (1) the clause "is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances

of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).

Here, the provision in the IEC states as follows:

> I agree that the laws of the Commonwealth of Pennsylvania and jurisdiction of the Courts of Huntingdon County shall apply as to all disputes or interpretations arising under the terms of this Reservation Enrollment Contract and the accompanying Tuition Reimbursement Plan and the rules and regulations of the School as amended from time to time.

(Doc. 6 at 40-42, Exhibit 4).[3] While the clause uses the word "jurisdiction" rather than "venue," "the nomenclature is not dispositive of the issues here." *Integrated Health Resources, LLC v. Rossi Psychological Group, P.A.*, 537 F.Supp.2d 672, 675 (D.N.J. 2008) (citing *Wall Street Aubrey Golf LLC*, 189 F. App'x at 87). In fact, our Court of Appeals has held that the phrase "submit to the jurisdiction of…" created a forum selection clause. *See Wyeth & Brother, Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1072 (3d Cir. 1997). Accordingly, we conclude that the provision at issue in the IEC is a valid forum selection clause designating the courts of

---

[3] We note that we are permitted to consider facts outside of the complaint to determine proper venue. *See Lee v. Fiscus*, 2024 WL 759402, at *3 (W.D. Pa. Jan. 18, 2024); *Warren v. Donegal Mut. Ins. Co.*, 2023 WL 3260727, at *4 (M.D. Pa. May 4, 2023).

Huntingdon County as the proper venue and should be enforced absent a showing that enforcement would be unreasonable.

### B. The Forum Selection Clause is Enforceable.

Liu argues that the forum selection clause should not be enforced because the contract containing that clause was not an "arm's length deal." (Doc. 8, at 1). She asserts that the contract contains boilerplate language, and that her parents, who signed the contract, were not represented by counsel, nor did they understand American laws and procedures. (*Id.*, at 2). Thus, she contends that because there was not equal bargaining power between Grier and her parents, enforcement of the forum selection clause would be unreasonable. (*Id.*).

At the outset, we note that the fact "[t]hat there may not have been actual negotiations over the clause does not affect its validity.'" *Foster*, 933 F.2d at 1219; *see Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991) ("Including a reasonable forum clause in a form contract . . . well may be permissible for several reasons[.]"). Accordingly, Liu's contention that the clause should be invalidated because it is contained within a boilerplate contract is unavailing.

9

We reach a similar conclusion with respect to Liu's contention that the lack of equal bargaining power renders this forum selection clause unenforceable. Liu argues that her parents, who signed the contract, were citizens of a foreign nation, not represented by counsel, and had little to no understanding of American laws and procedures. (Doc. 8, at 2). However, Liu has not shown that "the parties' unequal bargaining positions resulted in a fraudulently induced [] forum selection provision," nor does she contend that the parties "were deceived or coerced into accepting this provision." *Bonanno v. Quiznos Master LLC*, 2006 WL 3359673, at *4 (D.N.J. Nov. 17, 2006). *See also Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 563 (D.N.J. 2000) (holding that "a forum selection clause may be set aside if it is the product of fraud or overreaching . . . *only* where the inclusion of that clause in the contract was the product of fraud or coercion.") (internal quotation marks and citations omitted)).

Here, Liu merely argues that because her parents were citizens of a foreign country and were not well versed in American laws, the forum selection clause should not be enforceable. Such general allegations "that one was induced generally to enter into the contract itself as a result of

fraud" are insufficient. *Hoffer*, 102 F. Supp. 2d at 564 (quoting *Nat'l Micrographics Sys. v. Canon U.S.A.*, 825 F. Supp. 671, 675 (D.N.J. 1993)) (internal quotation marks omitted). In fact, Liu does not even assert that she or her parents were fraudulently induced to enter the contract. Nor does she argue that enforcement would violate public policy or that litigation in Huntingdon County would be "so seriously inconvenient as to be unreasonable." *Coastal Steel Corp.*, 709 F.2d at 202. Accordingly, Liu has not shown that the enforcement of the forum selection clause would be unreasonable under the circumstances.

### C. This Court Cannot Transfer, and so Must Dismiss.

As a final matter, transfer to the proper venue is not a possibility for this Court. "'Transfer is not available ... when a forum selection clause specifies a nonfederal forum,' [and so] dismissal is the sole option." *Wall St.*, 189 F. App'x at 87 (quoting *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001)). Accordingly, we will grant Grier's motion to dismiss for improper venue without prejudice to the plaintiff asserting this action in the appropriate state court venue in Huntingdon County.

## IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss (Doc. 6) will be granted and this case will be dismissed without prejudice.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: October 21, 2024